# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1883
Lower Tribunal Nos. CA-2025-015 & 25U-0907

_____

**Antonio Michael Major,**
Appellant,

vs.

**Sheriff of Monroe County,**
Appellee.

An Appeal from the State of Florida, Public Employee Relations Commission.

Antonio Michael Major, in proper person.

Allen, Norton & Blue, P.A., and Susan P. Norton, and Liana De La Noval, for appellee.

Before MILLER, GORDO, and GOODEN, JJ.

PER CURIAM.

Affirmed.  See § 447.503(1), Fla. Stat. (2025) ("[A] charge shall contain a clear and concise statement of facts constituting the alleged unfair labor practice, including the names of all individuals involved in the alleged unfair labor practice, specific reference to the provisions of s. 447.501 alleged to have been violated . . . .  The charge must be accompanied by sworn statements and documentary evidence sufficient to establish a prima facie violation of the applicable unfair labor practice provision.  Such supporting evidence is not to be attached to the charge and is to be furnished only to the commission."); Fla. Admin. Code R. 60CC-5.001(3)(c), (d) ("The charge shall contain . . . [a] clear and concise statement of the facts constituting the alleged unfair labor practice, including the name(s) of the individual(s) involved in the alleged unfair labor practice, the time and place of occurrence of the particular act(s) giving rise to the dispute . . . [and] [t]he specific provision(s) of Section 447.501, Florida Statutes, alleged to have been violated . . . ."); § 447.503(6)(b), Fla. Stat. ("[A]n unfair labor practice charge is untimely if it is based on events that occurred more than six months prior to the filing date unless the person filing the charge was prevented from doing so by reason of service in the Armed Forces . . . ."); see also Titus v. Miami-Dade Water and Sewer Dep't Emp., 42 FPER 118 (2015) ("A factually deficient charge cannot be cured by resorting to supporting documents.")

(citing <u>Sarasota CTA v. Sch. Bd. of Sarasota Cnty.</u>, 14 FPER ¶ 19010 (G.C. Summary Dismissal 1987)).